## Procopio et ux. v. Staskiel et ux.

*Russell S. Machmer*, for plaintiffs.

*John A. Harter*, for defendants.

FORTNEY, P. J., March 21, 1949.—This bill in equity seeks to restrain defendants from the transfer of a restaurant liquor license to any location other than the premises owned by plaintiffs for which the license had been issued and was in effect. There is sought, in addition, an order requiring defendants to transfer the license to plaintiff, Joseph Procopio. This matter is before us for final hearing on bill and answer filed and testimony taken. . . .

Plaintiffs are the owners, in fee simple, of certain premises municipally known as 239 E. Columbia Avenue, Atlas, Pa. One of the plaintiffs, Joseph Procopio, or, as he is designated in the Italian language, Guiseppe Procopio, during the year 1935, operated a restaurant hereon, and in addition, was the holder of a restaurant liquor license for the premises.

During the next four or five years, this license for the premises was held by a number of tenants and in May of 1940 plaintiff Joseph Procopio found himself once again the operator of the restaurant and the holder of the license by means of a transfer from the last tenant.

Subsequent to negotiations, a duly executed written lease for the premises, the bar and kitchen equipment thereon, was entered into between plaintiffs and defendant Leo Staskiel. This lease provided for the occupancy of the premises and use of the equipment for a definite time at a rental for the term.

Plaintiff Joseph Procopio made application to the Pennsylvania Liquor Control Board to transfer this license to Leo Staskiel, defendant, and at the same time, in compliance with the rules and regulations of the board, he executed a bill of sale to defendant.

On June 1, 1940, the parties met in the office of defendant's counsel and upon the request of plaintiff, Joseph Procopio, this counsel prepared a paper executed by defendant, Leo Staskiel, in which he agreed, in consideration of the transfer of this license to him, that he would not transfer the license from the premises located at 239 E. Columbia Avenue, Atlas, Pa. At the same time, the sum of $400, the amount plaintiff contends was the agreed price for the pro rata share of the license fee and bond, together with a portion of the rent and the amount due him for the supply of food and the stock of liquor on hand, was paid to plaintiff by defendant's counsel.

Defendant Leo Staskiel entered upon the premises and personally conducted the business under several written leases until sometime in the year 1943, when, either because he expected to enter, or was actually in the military service, he had the license issued in his name and that of his wife, so as to enable her to conduct the business in his absence. Because of this change in the name of the licensee a new lease agreement for the premises was executed between plaintiffs and both defendants, the term of which was to begin February 1, 1943, and end January 31, 1944, at a rental of $30 per month.

Defendants operated the premises until about August 1, 1948, when plaintiffs demanded an increase in the rent. Defendants then removed from the premises and returned the license to the Pennsylvania Liquor Control Board. Defendants indicated their intention to make application for the transfer of this license to other premises, whereupon plaintiffs filed their bill in equity praying for an injunction and other equitable relief.

The sole issue for determination here is whether a licensee may transfer the license from the premises for which it is granted, to other premises, in violation of an agreement between the licensee and his landlord. Defendants, in their answer to the bill, admit the execution and existence of this agreement, but plead the consideration in the agreement is illegal and the attempt to prevent the transfer is in derogation of the rights of the licensee, as well as the rules of the Pennsylvania Liquor Control Board. In support of this contention, they say there is no property right in a license; that a license, even when granted, is only a privilege. This is a recognized principle of law and is true as between the State and the licensee: Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, 259. It does not follow, however, that the privilege granted by a license can be retained by a person in violation of his agreement and

thereafter he may be permitted, in fraud of his agreement, to apply for a transfer of the license to some other person or place: DiPietro v. Cichilli, 38 D. & C. 404. Nor can defendants' contention that a license may not be transferred under the provisions of the Pennsylvania Liquor Control Act prevail here. A license for the sale of intoxicating liquor is a regulation within the police power of the State. A license may be suspended or even taken away by the governing authorities without compensation to the holder. It is undoubtedly within the authority of the Pennsylvania Liquor Control Board to approve the right of transfer of a license in a specific case. This does not permit defendant to transfer a license in fraud of his agreement.

The original license was granted for these premises more than 12 years ago and since that time it has been almost continuously in operation. Plaintiffs allege that the transfer of this license from their premises to another location would cause them irreparable damage. What was said in Guzzi et al. v. Czaja et ux., 163 Pa. Superior Ct. 597, 601, is applicable to the present case:

"This contract involves the transfer and ownership of a retail liquor license, the value of which can not be accurately determined in an action at law. It seems unrealistic to us to close our eyes to the fact that under the Act of June 24, 1939, P. L. 806, the Quota Act, new retail liquor licenses cannot be issued . . . because the number allowed by that act is greatly exceeded by the existing licenses [which situation prevails in this county]. This gives to the license here involved a peculiar value depending upon the business ability and the popularity of the owner, which cannot be accurately or adequately measured or compensated for in an action at law."

The course of dealing between plaintiff and prior tenants of the premises in respect to the transfer of the license, when considered with the unqualified promise

of defendant not to remove the license from the premises, establishes, by the weight of the evidence, the intention of the parties.

It is true plaintiff, contemporaneously with the signing of the lease and the application for transfer of the license, executed a bill of sale to defendant Leo Staskiel in which it appears that, among other things, plaintiff sold to defendant the liquor license in this case. We believe this to be only a condition precedent as promulgated by the Rules of the Pennsylvania Liquor Control Board, and is not conclusive evidence of the intention of plaintiff to sell his license.

Plaintiffs seek to have this license transferred from defendants to them. Under the terms of the agreement we are unable to make this order.

### Conclusions of Law

1. The agreement between defendant, Leo Staskiel, and plaintiff, Joseph Procopio, is a valid and binding contract, enforcible at law and in equity.

2. Plaintiffs are without an adequate remedy at law and, therefore, entitled to the equitable remedy of an injunction.

3. Defendants are properly enjoined from transferring the restaurant liquor license within the terms of the contract.

Plaintiff has submitted requests for findings of fact and conclusions of law, which are filed herewith.

### Decree Nisi

And now, to wit, March 21, 1949, it is hereby ordered and directed that defendants, Leo Staskiel and Amelia C. Staskiel, be perpetually enjoined from transferring and selling the restaurant liquor license issued for the premises situate at no. 239 E. Columbia Avenue, Atlas, Northumberland County, Pa., to any other person or to any other location, without the consent of plaintiff, Joseph Procopio.

The prothonotary shall give notice of the entry of this decree nisi to the parties in interest, and if no exceptions are filed thereto by either party within 10 days, he shall enter the decree nisi as a final decree.